**UNITED STATES v. LAINOFF.**
Crim. No. 26912(2).

United States District Court
E. D. Missouri, E. D.
Dec. 6, 1951.

676

George L. Robertson, U. S. Atty., and William J. Costello, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

Maurice Schechter, St. Louis, Mo., for defendant.

HULEN, District Judge.

This is a jury-waived case in which defendant by indictment in three counts is charged with shipping in interstate commerce, on different days, meat products which had not been inspected, examined and marked "Inspected and passed" as required by law. The charge is based on Section 78, Title 21, United States Code Annotated. The facts are not in dispute. Defendant made the three shipments described in the three counts and none was marked "Inspected and passed" as required by law.

The defense is based on Section 91, Title 21 of the United States Code Annotated which provides that Section 71 shall not apply "to retail butchers and retail dealers in meat and meat food prod-

ucts, supplying their customers". Defendant is a retail dealer and the shipments were consigned to customers of defendant in the State of Kansas. The Government contends that because the Secretary of Agriculture has provided by regulation for and maintains inspection service as referred to in Sections 71–73 of Title 21, including retail dealers in meat products, that the exemption relied upon by the defendant is inoperative. Section 78 of the Code provides: "No person * * * shall transport or offer for transportation * * * from one State * * * to any other State * * * meat, or meat food products thereof which have not been inspected, examined, and marked as 'Inspected and passed,' in accordance with the terms of sections 71 to 94, inclusive, of this title, and with the rules and regulations prescribed by the Secretary of Agriculture."

The exemption provision of Section 91 relied upon by the defendant reads as follows: "The provisions of sections 71 to 94, inclusive, of this title requiring inspection to be made by the Secretary of Agriculture shall not apply to animals slaughtered by any farmer on the farm and sold and transported as interstate or foreign commerce, nor to retail butchers and retail dealers in meat and meat food products, supplying their customers."

A further provision of Section 91 reads as follows: "The Secretary of Agriculture is authorized to maintain the inspection in said sections provided for at any slaughtering, meat-canning, salting, packing, rendering, or similar establishment notwithstanding this exception, and that the persons operating the same may be retail butchers and retail dealers or farmers."

The Secretary of Agriculture has established regulations for the inspection of establishments where meat products are prepared for transportation or sale in interstate commerce and these regulations require that such places of business "shall have inspection under the regulations of this chapter". There are further regulations providing for application for exemption from inspection and the conditions under which such exemptions from

inspection shall be granted. Defendant does not claim compliance with any of the regulations. The evidence shows non-compliance. A further provision of Section 91 of Title 21, containing the exemption relied upon by the defendant as a defense to this case, is as follows: " * * * and where the Secretary of Agriculture shall establish such inspection then the provisions of said sections shall apply notwithstanding this exception." ·

 The record presents defendant in this situation. He claims exemption as a retail dealer. The statute does grant an exemption to retail dealers but the exemption is conditioned on the absence of the establishment of inspection service for such retail dealers. There is not an absence of such inspection regulations. The facts therefore destroy the exemption relied on by the defendant. Defendant operates a business, including the movement of food in interstate commer·e, which for public health purposes is regulated by law. Reading the statutes together they are in harmony. It would be difficult for a retail dealer to have the meat processed by such retail dealer bear the inspection stamp imposed at the slaughter house. But sanitary conditions of a retail dealer are as important if not more important than those at the slaughter house. If the Government fails to set up regulations for control of the sanitary conditions of the retail dealer, the law wisely provides that the retail dealer shall not be penalized and exempts him from the requirement that his meat bear the inspection stamp. On the other hand if the Government does establish the · regulations for inspection of the retail dealer the exemption is destroyed. The law then contemplates that the retail dealer will comply with the regulations for inspection. If he does not he is without authority to make shipments in interstate commerce and if he does so he is subject to prosecution under Section 78.

The record in this case establishes the guilt of defendant on each of the counts as charged. Defendant will appear in court on Thursday, December 13, 1951, for imposition of sentence.